**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOSE M. ORTEGA-NAJERA,**

        Petitioner,

    v.                          CASE NO.    08-3033-SAC

**ATTORNEY GENERAL**
**PAUL MORRISON,**

        Respondent.

**O R D E R**

    This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Ellsworth Correctional Facility, Ellsworth, Kansas. Petitioner has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2), which the court finds should be granted.

    On January 26, 1998, petitioner was convicted by a jury in the District Court of Ford County, Kansas, at Dodge City, Kansas, of aggravated criminal sodomy, aggravated indecent liberties with a child, and aggravated indecent solicitation of a child. He alleges he has been sentenced to a controlling term of 210 months.

    Petitioner also alleges he appealed to the Kansas Court of Appeals (KCOA), which affirmed his convictions but vacated his sentences and remanded for re-sentencing. However, the only appeal he references, Court of Appeals Case No. 92852, is not a direct criminal appeal, but is the appeal of the denial of a decision in a K.S.A. § 60-1507 action. Petitioner alleges he also filed a petition for certiorari in the United States Supreme Court, which was denied, but no dates are provided.

    As grounds for this Petition, Mr. Ortega-Najera claims the trial judge "was vindictive in re-sentencing" him, and his sentence

is illegal. In support he alleges the sentencing court was ordered to re-sentence him "of which without having a jury decide as to whether or not a departure was warrented (sic)," the judge "did not follow the appellate court's order, and the judge illegally sentenced him to more time."

The court cannot tell from the materials filed if petitioner has fully exhausted all available state court remedies on his claim that his state sentence imposed upon re-sentencing is illegal. 28 U.S.C. 2254(b)(1) provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

While petitioner alleges the KCOA ordered re-sentencing, and that the trial judge re-sentenced him; he does not allege that he appealed the trial judge's decision on re-sentencing to the Kansas Court of Appeals and ultimately to the Kansas Supreme Court. "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless the claim asserted has been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claim must have been "properly presented" as a federal constitutional issue "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). In other words, petitioner must seek post-conviction relief on the basis of his claim that his sentence

2

on re-sentencing is illegal in the state district court in which he was tried; if relief is denied by that court he must appeal to the Kansas Court of Appeals; and if that court denies relief petitioner must file a Petition for Review by the Kansas Supreme Court.

Petitioner will be given time to file a "Supplement" to his Petition showing full exhaustion of state court remedies on his claim. In his "Supplement" he must state whether or not he filed a Notice of Appeal immediately after he was tried and sentenced in 1998, and if he presented his challenge to his sentence at that time to both the Kansas Court of Appeals and the Kansas Supreme Court. He must also state the date on which his direct appeal was finally decided by the Kansas Supreme Court, if he knows.

Petitioner must also inform the court in his "Supplement" on or about what date he filed his petition for post-conviction relief or to correct illegal sentence under K.S.A. § 60-1507 in the state district court, which led to the only appeal he references in his Petition. Appellate Case Number 92852 was dismissed on May 11, 2007, and the appellate on-line records do not reveal any remand for re-sentencing from the time that appeal was docketed on August 19, 2004. Petitioner must inform the court of all his filings in state court regarding his sentencing, the approximate date of his re-sentencing, the content of the appellate court order he claims the trial judge did not comply with upon re-sentencing, and when any appeals of his re-sentencing were determined. In short, he is required to show that he has fully exhausted all available state court remedies on his claim that his sentences entered on re-sentencing were illegal. If he fails to show full exhaustion of this claim, then this action must be dismissed, without prejudice,

3

for failure to exhaust state court remedies.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to file a "Supplement" to his Petition showing that he has fully exhausted state court remedies on his claim that his sentence on re-sentencing is illegal.

**IT IS SO ORDERED.**

Dated this 8th day of February, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

4