IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSE M. ORTEGA-NAJERA,

                    Petitioner,

          v.                          CASE NO.   08-3033-SAC

ATTORNEY GENERAL
PAUL MORRISON,

                    Respondent.

                    <u>O R D E R</u>

     This petition for writ of habeas corpus was filed by Mr.
Ortega-Najera pursuant to 28 U.S.C. § 2254.  Upon initial
screening, the court found petitioner had not clearly shown that he
had exhausted state court remedies, and ordered him to file a
"Supplement" showing exhaustion.  He filed a "Supplement," and the
court issued an Order to Show Cause to respondent.  The matter is
now before the court upon respondent's Motion to Dismiss for
Failure to Exhaust Available State Court Remedies (Doc. 9).
Petitioner has filed no response to the Motion to Dismiss.  Having
considered all materials in the file the court finds that
respondent's Motion to Dismiss must be sustained, and this action
dismissed, without prejudice, on account of petitioner's failure to
exhaust state remedies.


<u>FACTS</u>

     The following facts are found from respondents' Motion to
Dismiss and the supporting exhibits.  Since petitioner filed no

response to that motion, these facts are uncontroverted.

The procedural history of petitioner's case was set forth as follows in <u>Ortego-Najera v. State of Kansas</u>, 157 P.3d 670, at *1, 2007 WL 1413089 (Kan. App. May 11, 2007)(Motion to Dismiss (Doc. 9), Attach. 2).

> In 1998, Jose Ortega-Najera was convicted of aggravated indecent liberties with a child, aggravated criminal sodomy, and aggravated indecent solicitation of a child. The district court sentenced him to a controlling sentence of 210 months' imprisonment, running the sentences concurrently. This court affirmed his convictions but vacated his sentences and remanded his case for resentencing. In February 2000, the district court resentenced him to 156 months' imprisonment, imposing the aggravated imprisonment terms and running two of the sentences consecutively.
>
> Between September 2000 and October 2001, Ortega-Najera filed two motions to correct an illegal sentence. The district court denied both motions, and no appeal was docketed. In late July 2002, Ortega-Najera filed his third motion to correct an illegal sentence, claiming the trial court had erred in failing to give a unanimity jury instruction. The record on appeal is unclear as to the disposition of this motion, but there was apparently no appeal.
>
> Also in late July 2002, Ortega-Najera filed a "WRIT OF MANDAMUS & MOTION TO DISMISS Pursuant to ... K.S.A. 60-1507" arguing the district court erred in failing to give a unanimity instruction. This motion was denied by the district court, which concluded that his writ of mandamus "has no place in an action such as this" and his unanimity issue should have been raised in his direct appeal. Ortega-Najera appeals.
>
> Despite considerable activity thereafter, including a remand by this court and additional motions in the district court to correct an illegal sentence, the only judgment appealed from in this proceeding is the district court's denial of Ortega-Najera's "writ of mandamus & motion to dismiss."

Id.  The KCOA then found Ortega-Najera did not raise the unanimity issue he had raised before the district court.  Instead, his "sole issue" on appeal was whether the district court displayed vindictiveness upon resentencing him[1], which had not been raised before the district court.  Id.  Thus, the KCOA found the absence of any appealable issue and dismissed the appeal on May 11, 2007. Id., at *2.  Petitioner did not appeal this decision to the Kansas Supreme Court.

The only ground raised by Mr. Ortega-Najera in his § 2254 Petition before this court is that the "Honorable Daniel L. Love was vindictive in resentencing (him) and whether the sentence is thus illegal."  In support, he alleges the sentencing court was ordered to re-sentence him "of which without having a jury decide as to whether or not a departure was warrented (sic)," the judge "did not follow the appellate court's order, and the judge illegally sentenced him to more time."

As the court noted in its prior Order, 28 U.S.C. 2254(b)(1) provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

The court finds that the single issue raised in this Petition has

---

[1]

Respondent quotes the Brief of Appellant as "raising the following issue: Issue 1.  Whether the Honorable Daniel L. Love was vindictive in resentencing [petitioner] and whether the sentence is thus illegal."  Brief of Appellant, No. 92,852 at i, Ortega-Najera v. State, No. 92,852, 2007 WL 1413089 (May 11, 2007).

not been presented by petitioner to the Kansas Supreme Court.  As the court previously advised petitioner, generally, the exhaustion prerequisite is not satisfied unless the claim asserted has been presented by "invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  In this district, that means the claim must have been "properly presented" as a federal constitutional issue "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).  The court concludes that respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies must be sustained; and that this petition must be dismissed, without prejudice, on account of petitioner's failure to fully exhaust state court remedies on his claim.

       Respondent also convincingly argues that petitioner procedurally defaulted his claim in state and federal court, given that he failed to present the issue first to the state district court in his post-conviction motion so that it was properly before the KCOA on appeal of the denial of that motion, and by failing to seek review by the Kansas Supreme Court[2].  Petitioner has not responded to this argument with a showing of cause and prejudice for his procedural default.

_____

    2

    Petitioner suggested in his response that the district judge had denied his right to appeal; however, his attached exhibit shows the judge simply denied appointment of counsel for appeal on a second post-conviction motion.

**IT IS THEREFORE ORDERED** that respondent's Motion to Dismiss (Doc. 9) is sustained, and this action is dismissed, without prejudice, on account of petitioner's failure to exhaust state court remedies on his claim.

**IT IS SO ORDERED.**

Dated this 12th day of February, 2009, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge